# CHARLESTON.

## J. W. FORD v. A. E. MORELAND.

### Submitted April 1, 1924.   Decided April 8, 1924.

1.  BILLS AND NOTES—*Amount of Customer's Note Indorsed by Agent and Dealer Held Not Recoverable by Agent From Dealer.*

    A dealer in automobiles employs an agent to sell automobiles at specified prices in a given territory under a contract whereby the agent agrees to pay cash for all cars when delivered to him; the agent sells and delivers to a customer a car, ac-

cepts a cash payment and a note for the balance, reserving title to the car until full payment is made, under a written conditional sales contract; the agent, after the note is endorsed by himself and the dealer, has it discounted at a bank, the proceeds placed to his own credit, and he pays the purchase price to the dealer, less his commissions; the agent, being compelled by the bank to pay the note, can not recover the amount thereof from the dealer. (p. 228).

2.  FACTORS—*Agent Held Liable for Debts Becoming Due Principal Through Agency.*

Under the contract, the agent is not such in the ordinary sense, but his agency is in the nature of a *del credere* agency, wherein he is liable for the debts that become due to his principal through his agency. (p. 228).

Error to Circuit Court, Tucker County.

Action by J. W. Ford against A. E. Moreland and others. Judgment for plaintiff for insufficient relief, and he brings error.

*Affirmed.*

*W. K. Pritt,* for plaintiff in error.

*Charles D. Smith,* for defendants in error Mosser and Harvey.

MEREDITH, PRESIDENT:

Plaintiff, by motion for judgment, seeks recovery of defendants, A. E. Moreland and R. W. Burns, as joint makers, and Mosser & Harvey, partners, as endorsers, upon a note for $580. Judgment was rendered in favor of plaintiff for the amount of the note against the makers, but of nil capiat as to Mosser & Harvey. He seeks reversal of the judgment of nil capiat.

The action was tried by the court in lieu of a jury. Mosser & Harvey were dealers in automobiles and accessories; they were sales agents for Chevrolet cars and located at Hendricks, West Virginia; they presumably had control of certain territory. On August 2, 1920, they entered into a written contract with plaintiff, who lived at Parsons, whereby it was agreed that: (1) Mosser & Harvey were to sell to Ford Chevrolet cars at a discount of 10% from the factory price, Ford to pay war tax and cost of delivery; (2) that Ford should sell for Mosser & Harvey Chevrolet cars in cer-

tain defined territory; (3) that Ford should not infringe upon any other dealer's or salesman's territory; (4) that he would not cut the delivery price without Mosser & Harvey's consent; (5) that Mosser & Harvey would exercise every effort to effect delivery of all models contracted for by Ford; (6) that Ford would pay cash for all models when delivered to him by Mosser & Harvey; (7) that they would sell "parts" to Ford at certain discounts; (8) that Ford would purchase from and pay Mosser & Harvey for a certain number of specified cars during the succeeding twelve months.

Ford found a prospective purchaser for a car, defendant, A. E. Moreland, and informed Mosser & Harvey. Mosser brought the car to Parsons and demonstrated it to Moreland. He brought it back the next evening and Ford made a conditional sale to Moreland. This was August 31, 1920, Ford claims he was acting as agent only for Mosser & Harvey. Moreland paid part cash and gave his note for the balance, payable to the order of Ford. Burns signed the note as surety for Moreland; the title was reserved to Ford as further security in a written conditional sales contract, which was recorded in the county clerk's office September 1, 1920. Mosser & Harvey are not mentioned in this sales contract.

The note was endorsed by Ford and by Mosser & Harvey, and taken by Ford to the Tucker County Bank, where it was discounted; the proceeds were placed to Ford's credit; he paid the purchase price to Mosser & Harvey, less his commission of 10%. The note was renewed a number of times and was reduced by payment to $580. Finally Mosser & Harvey refused to endorse further renewals and Ford was compelled to take it up. He then brought this action on the note, which is in the following form:

"$580.00                    Parsons, W. Va., Dec. 31, 1921.
    Four months after date, for value received I promise to pay to the order of J. W. Ford..............Five hundred eighty ........... Dollars Negotiable and payable without offset at
                    THE TUCKER COUNTY BANK
                    PARSONS, WEST VIRGINIA
                         96 W. Va.

No. 29967

Due April 30, 1922                A. E. Moreland

P. O. Address, Vindex, Md.         R. W. Burns''

It bears the following endorsements:

    ''I or We hereby waive protest and notice of protest on the within note and guarantee the payment thereof.

           Post Office ..........................

           J. W. Ford ........................

           Mosser & Harvey,

             Surety.''

''Plaintiff's contention is that he was a mere agent for Mosser & Harvey in the sale of the car and negotiation of the note; that he was an accomodation endorser on the note for the benefit of Mosser & Harvey and that therefore they ought to reimburse him for the amount he was compelled to pay the bank.

The contention of plaintiff can not be sustained. That the car was sold in pursuance of the written contract between Mosser & Harvey and Ford there can be little doubt. While the second paragraph of that contract does say that Ford should sell Chevrolet cars for Mosser & Harvey, thus making him their agent for that purpose, yet the obligation of the agent does not stop there. Under the sixth paragraph he is ''to pay cash for all models when delivered to him.'' Can he say that the Moreland car was not ''delivered to him'' in the face of the conditional sales contract he made with Moreland, wherein it is stated that Ford ''sold'' and ''delivered possession of'' the automobile to Moreland and reserved title thereto in himself until the purchase price should be fully paid, with the right to resume possession in case of default? We think not. Construing the contract between Mosser & Harvey with Ford as a whole, we are of opinion that it makes the plaintiff responsible for the sale price of cars sold by him for the firm under the contract. While he may be an agent for the firm, his agency is not an agency in the ordinary sense, but one in the nature of a del credere agency, wherein the agent becomes liable for the payment of debts that become due to the principal through his agency; so that, assuming that he was the firm's agent, under the con-

tract he was bound to see that his principals were paid for the cars he sold. 1 Mechem, agency, §2534, and cases cited. Indeed, under the terms of the contract, his obligation to pay is not collateral but absolute; he contracted ''to pay cash for all models when delivered to him.''His liability did not depend upon the ability or lack of ability of his purchasers to pay, but he bound himself to pay whether the purchasers of cars through him could or could not pay. Having made a sale under the  contract, he took the purchaser's note payable to himself for the balance of the purchase price.   He had the firm endorse the note so he could discount it.    There is nothing to indicate that the firm got Ford to endorse the note for the firm,  but  he  requested Mosser to endorse the note for Ford.  Ford got the proceeds of the note; he then paid the firm the amount he owed on the car.   Under these circumstances we are of opinion that Mosser & Harvey were accommodation endorsers on the note for Ford, and that Ford was not an accommodation endorser for them.   Being accommodation endorsers, of course, they are not liable to Ford for the amount he was compelled to pay on the note.  *Elkins* v. *Tompkins*, 94 W. Va. 136, 117 S. E. 914.

We therefore affirm the judgment.

*Affirmed.*